UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| CHERYL CARUSO, | ) ED CV 12-02001-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION AND |
| | ) ORDER |
| v. | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

I. <u>INTRODUCTION</u>

This matter is before the Court for review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI, 42 U.S.C § 1381 et seq., and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). Pursuant to 28 U.S.C. § 636(c), the

1

parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C § 405(g), which authorizes this Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings and Defendant has filed a certified transcript of the record ("AR"). After reviewing this matter, this Court concludes that the decision of the Commissioner should be affirmed.

## II. PROCEEDINGS

In the present case, Plaintiff Cheryl Caruso ("Plaintiff") filed applications for SSI and DIB on November 7, 2008, claiming an inability to work since June 1, 2003. AR 139-145. Plaintiff's applications were both denied on August 28, 2009. AR 77-80. Upon Plaintiff's request for reconsideration, the Social Security Administration reviewed the record and rendered an adverse decision. AR 82-86. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on March 23, 2011. AR 88. Following the hearing, the ALJ rendered an unfavorable decision on April 14, 2011, finding that while Plaintiff had severe impairments (hepatitis C, obesity, affective mood disorder, and a history of substance abuse), she was not disabled. AR 19-38. Plaintiff then requested that the Appeals Council review the ALJ's decision. AR 14-15. Finding "no reason" to review the ALJ's decision, the Appeals Council denied the request for review, making the ALJ's decision final. AR 1-4.

Plaintiff makes one challenge to the ALJ's decision denying benefits. Plaintiff disagrees with the ALJ's assessment of her residual functional capacity ("RFC") because it is allegedly not supported by substantial evidence. Specifically, Plaintiff alleges that the ALJ erred by failing to (1) properly evaluate the relevant medical evidence and (2) properly consider Plaintiff's subjective statements and credibility.

## III. DISCUSSION

Plaintiff asserts that the ALJ failed to properly assess Plaintiff's RFC

because the ALJ did not properly evaluate the medical evidence and did not properly consider Plaintiff's subjective complaints. Defendant responds that the ALJ did not err in considering and evaluating the evidence.

**A. Medical Opinion Evidence of Frank Andrews, Ph.D.**

In his Decision, the ALJ determined that Plaintiff had the RFC to perform a range of light work. AR 26. The ALJ's decision was supported by his consideration of the complete medical history in the record. AR 28 (citing 253-501).

Treating psychologist Frank Andrews, Ph.D. completed a form for the New York state disability office on December 2, 2008, stating he had treated Plaintiff from September 2001 to November 2006. AR 29 (citing 269-275). Dr. Andrews opined that Plaintiff's symptoms of "impaired concentration, impaired short-term memory, periods of disorganization, excessive worry, [and] loss of confidence" "seemed to be permanent" as of Plaintiff's last examination on November 27, 2006. AR 270. He reported her mood and affect were depressive. AR 272. He also reported Plaintiff was "moderately to severely impaired as of 11/27/06." AR 273.

"The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing 'specific and legitimate' reasons supported by substantial evidence in the record." Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(b)-(d).

The ALJ properly found Dr. Andrews' opinion was entitled to less weight because Dr. Andrews did not have "a longitudinal picture of [Plaintiff's] current condition" when he completed the disability form in 2008, two years after he had last seen her in 2006. AR 30. In addition, the ALJ gave less weight to Dr.

Andrews' opinion because Plaintiff's "psychiatric diagnoses appear to have been inextricably intertwined with her abuse of drugs." Id.

Here, the ALJ provided specific and legitimate reasons for giving less weight to Dr. Andrews' opinion. First, because Dr. Andrews formed his opinion two years after last seeing Plaintiff, he did not have a longitudinal picture of her condition. "When the treating source has seen [the claimant] a number of times and long enough to have obtained a longitudinal picture of [claimant's] impairment, we will give the source's opinion *more weight* than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(c)(2)(I) (emphasis added). Here, however, less weight was given to Dr. Andrews's opinion than to the opinions of other physicians because the ALJ noted there had been a two-year gap between Plaintiff's 2006 visit and Dr. Andrews' 2008 disability assessment. AR 30. The ALJ thus properly found that because Dr. Andrews stopped treating Plaintiff in 2006 (AR 30), he did not have a longitudinal picture of Plaintiff's condition when he prepared his report in 2008.

Second, Dr. Andrews' opinion, though of a treating source, "appear[s] to have been inextricably intertwined with [Plaintiff's] abuse of drugs," and was thus not consistent with other, more recent medical opinions. Plaintiff last saw Dr. Andrews in 2006 when she was still using drugs (AR 62). By December 2008, when Dr. Andrews prepared the disability form, Plaintiff was already sober (AR 62), and was enrolled in treatment programs by early 2009 (AR 349, 416), testing negative for drugs on 4/14/2009, 5/14/2009, and 6/1/2009 (AR 412-414). Thus, the ALJ properly gave Dr. Andrews' opinion less weight partly because of the availability in the record of more recent opinions from examining and State agency medical sources. See Johnson v. Astrue, No. 07-35573, 2008 WL 526855, at *545 (9th Cir. Dec. 16, 2008)(finding that "The ALJ properly rejected medical opinions that were remote in time, relying more heavily on more recent opinions.").

1  The recent opinions, <u>inter alia,</u> which the ALJ relied upon included those
2  of the following: consultative examining physician Dr. Ernest A. Bagner III (<u>see</u>
3  AR 386-389 [his July 5, 2009 report stating that Plaintiff would have "mild to
4  moderate limitations maintaining concentration and attention" and "moderate
5  limitations handling normal work stresses"); and consultative examining
6  physician Dr. Concepcion A. Enriquez (<u>see</u> AR 428-433 [her July 31, 2009
7  report determining Plaintiff was able to "occasionally lift and/or carry 50 pounds
8  and frequently lift and/or carry 25 pounds," defined as medium work pursuant to
9  20 C.F.R. § 416.967(c)]). Additionally, State agency physician S. Khan opined
10 in his July 21, 2009 psychiatric review technique that although Plaintiff was
11 "moderately impaired," she could "sustain simple one-two step repetitive tasks."
12 AR 390-401.
13  Therefore, the ALJ provided specific and legitimate reasons supported by
14 substantial evidence for giving less weight to Dr. Andrews' opinion .

**B. Medical Opinion Evidence of Margery Baittle, Ph.D.**

16  The consultative examining psychologist, Margery Baittle, Ph.D., prepared
17 a report dated January 22, 2009, stating, <u>inter alia</u>, that Plaintiff's mother
18 reported she "need[ed] to be watched most of the time"; Plaintiff seemed
19 "extremely scattered and unable to concentrate on any one thing at one time";
20 and Plaintiff "basically live[d] with her mother's help." AR 293-297. Dr. Baittle
21 also found that the results of the evaluation were consistent "with psychiatric
22 problems fairly severe," and that as such, this would possibly significantly
23 "interfere with [Plaintiff's] ability to function on a daily basis." 296.
24  The ALJ gave less weight to Dr. Baittle's opinion because it "contrast[ed]
25 sharply with the other evidence of record." AR 29. In addition, the limitations
26 assessed by Dr. Baittle "contrast[ed] sharply with [Plaintiff's] level of
27 functioning." <u>Id.</u>
28  Where an examining physician's opinion is contradicted, it may be

rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 553 F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester v. Chater, 81 F.3d at 830-31 (9th Cir. 1995)).

Here, the ALJ provided specific and legitimate reasons for giving less weight to Dr. Baittle's opinion. First, in contrast to Dr. Baittle's opinion that Plaintiff had psychiatric problems that were fairly severe (AR 296), the opinions of other medical sources found that Plaintiff had only mild to moderate impairments in some functional categories. See AR 389, 398, 400. These opinions constituted substantial evidence upon which the ALJ relied. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Second, as explained by the ALJ, when Plaintiff saw Dr. Baittle in January 2009, Plaintiff was living with her mother after having "recently discontinued her drug use." AR 29. The ALJ noted that, in contrast, by the time Plaintiff testified in March 2011, she was living alone and independently engaging in daily activities such as cooking, cleaning, driving and attending medical appointments. AR 28 (citing AR 49).

Thus, Plaintiff's testimony and the medical evidence contradict Dr. Baittle's opinion that she needed to be watched most of the time and lived "basically ... with her mother's help" (AR 296-297). These were specific and legitimate reasons for giving less weight to Dr. Baittle's 2009 opinion. See Lester v. Chater, 53 F. 3d, 1042-43 (holding that the ALJ gave "specific, legitimate reasons for rejecting the examining psychologist's opinion" when the ALJ noted that the examining psychologist's opinion was contradicted by the opinions of other nonexamining mental health professionals, the claimant's testimony, and medical reports in the record).

**C. Plaintiff's Subjective Complaints**

At the hearing on March 23, 2011, Plaintiff testified about her work

6

history, daily activities, medications, and symptoms.  AR 39-70.  Specifically, Plaintiff testified that in her past employment, she drove a tram for disabled individuals and assisted them in the gymnasium.  At home, she was able to cook and clean when needed and drive her nephews to hockey.  AR 48, 49, 57.  Plaintiff also testified she was unable to work because she was "very much mentally compromised as far as reliability, as far as focusing on any one thing."  AR 48.  As far as impairments, Plaintiff's hepatitis C, diagnosed in November 2008 (AR 62), was successfully treated through Interferon treatment.  AR 55.

In his decision, the ALJ determined that Plaintiff's statements were only partially credible because her allegations were "greater than expected in light of the objective evidence of record."  AR 27.  Plaintiff was employed after the alleged onset date, her daily activities were greater than generally reported, and her treatment history showed routine and conservative treatment.  AR 27-28.

Where the ALJ discredits a claimant's testimony, "clear and convincing" reasons  must be provided.  Valentine v. Comm'r, 574 F.3d 685, 693 (9th Cir. 2009).

Here, the ALJ properly found Plaintiff to be only partially credible based on the following: Plaintiff's previous employment after her alleged disability onset date as a tram driver and assistant to disabled students in the gymnasium; Plaintiff living alone, not requiring "any particular help in maintaining [her] residence"; and Plaintiff's "somewhat normal level of daily activity."  AR 28 (citing AR 49, 44-48).  See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)(holding that in determining whether claimant's testimony is credible, the ALJ may consider claimant's work record and daily activities). In regards to treatment, although Plaintiff at one point had hepatitis C, treatment was successful, a fact which undermined Plaintiff's allegations concerning the limiting effects of her impairments.  AR 27 (citing AR 55).  Additionally, the

ALJ found Plaintiff's treatment to be conservative and routine. AR 28. See Parra v. Astrue, 481 F.3d 742 (9th Cir. 2007)(holding that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)).

The ALJ, therefore, set forth clear and convincing reasons for concluding Plaintiff lacked credibility.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

DATED: July 29, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE